# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN CHRISTOPHER CRAIN, | )<br>) |
|     Petitioner, | )    2: 09-cv-01099-RLH-PAL<br>) |
| vs. | )<br>)    **ORDER** |
| NEVADA PAROLE AND PROBATION,<br> *et al.,* | )<br>) |
|     Respondents. | )<br>) |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. On July 1, 2009, the court entered an order requiring petitioner to show cause why this case should not be dismissed as untimely. (Docket #2.) In that order, the court explained that a one-year limitations period exists as to petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Id.* at 1. The court found that although the limitations period in this case apparently expired on November 24, 2001, the present petition was filed on June 19, 2009, well past the expiration of the statute of limitations. *Id.* at 2.

Petitioner filed his response to this court's order to show cause on July 8, 2009. (Docket #3.) In his response, petitioner argues that he is entitled to equitable tolling of the statute of limitations.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The limitations period for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 1983 is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. *Calderon v. U.S. Dist. Ct. (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998), *citing Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir.), *overruled in part on other grounds by*, *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (*en banc*) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), *citing Kelly*, 163 F.3d at 541; *Beeler*, 128 F.3d at 1288-1289.

Petitioner's main argument is that he is entitled to equitable tolling of the statute of limitations because his counsel never informed him of the existence of the habeas corpus remedy or that he could file a petition for writ of habeas corpus. The court finds this argument unavailing. Neither trial counsel nor appellate counsel has an absolute duty to inform a defendant of the possibility of filing a petition for writ of habeas corpus. Further, the Ninth Circuit has held that claims of ignorance of the law and illiteracy are insufficient to justify equitable tolling. *See, e.g., Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); *Kibler v. Walters*, 220 F.3d 1151, 1153 (9th Cir. 2000) (lack of knowledge of state law not cause); *see, also, Marsh v. Soares*, 223 F.2d 1217, 1220 (10th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991).

Petitioner claims that he learned about the existence of the habeas corpus remedy when, in *Crain v. Clark County Public Defender*, 2:09-cv-0283, Judge Leavitt informed him that he could file a habeas corpus petition. Petitioner questions why Judge Leavitt would "suggest" that he file a petition for writ of habeas corpus if it was time barred.

In the order cited by petitioner from *Crain v. Clark County Public Defender,* entered on May 20, 2009 (Docket #4), the court held as follows:

> Before the court is plaintiff's "Petition for Review" (#1). Plaintiff has not set forth sufficient information to allege a right to relief. He fails to articulate the relief sought and the legal grounds in support thereof. In fact, it is unclear whether plaintiff intends to file a habeas corpus petition pursuant to 28 U.S.C. § 2242, or a complaint pursuant to the Federal Rules of Civil Procedure. Hence, plaintiff's "Petition" must be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. Pro. 12(b)(6). Plaintiff will, however, be given an opportunity to cure the deficiencies listed above.
> Accordingly, and for good cause shown,
> IT IS ORDERED that plaintiff's Petition for Review (#1) is DISMISSED without prejudice.
> IT IS FURTHER ORDERED that plaintiff shall file a habeas corpus petition or a complaint by June 19, 2009, or his case may be dismissed.
> IT IS FURTHER ORDERED that plaintiff's Request to Provide Newly Discovered Pertinent Information (#2) is DENIED as premature.

This order informed petitioner that his petition failed to state a claim, and that it was unclear what form of relief petitioner was seeking. While the order required petitioner to file a known pleading,

i.e., either a complaint or petition for writ of habeas corpus, it expressed no opinion as to the viability of either.  Nowhere in this order does the court address the issue of whether either a complaint or a petition for writ of habeas corpus would be timely.  The court finds, therefore, that the order in *Crain v. Clark County Public Defender* cited by petitioner provides no basis for equitable tolling in the present case.

Petitioner further claims that he discovered the existence of the remedy of a writ of habeas corpus on May 22, 2009, when he received the order in *Crain v. Clark County Public Defender*.  He therefore argues that this was the date that he discovered the "factual predicate" of his habeas corpus petition and under 28 U.S.C.§ 2244(d)(1)(D), the statute of limitations ran from that date.  The court rejects this argument, as the term "factual predicate" in Section (d)(1)(D) refers to the legal claim made in a petition, not to the form by which relief is requested.  The court finds, therefore, that this argument provides no basis for equitable tolling in the present case.

The court has carefully reviewed petitioner's remaining contentions and finds them to be meritless.  The court finds, therefore, that petitioner has not carried his burden of establishing that extraordinary circumstances beyond his control made it impossible for him to file his petition on time.  The court must therefore conclude that petitioner is not entitled to equitable tolling of the statute of limitations.

**IT IS THEREFORE ORDERED** that this petition for writ of habeas corpus is **DISMISSED** with prejudice as barred by the statute of limitations.  The Clerk is directed to enter judgment accordingly and to close this case.

DATED this __21st__ day of _____September_____, 2009.

_____
CHIEF UNITED STATES DISTRICT JUDGE